**LONDON ASSUR. CORPORATION v. MAR-
TIN.   (No. 7004.)**

(Court of Civil Appeals of Texas.   Austin.
June 30, 1926.   Rehearing Denied
Oct. 4, 1926.)

**Insurance ⬦389(1)—Fire policy on household
goods held not invalidated by two-family occu-
pancy of building, which existed when insurer
issued and transferred policies with full
knowledge of that fact.**

Fire policy on household goods *held* not in-
validated because of two-family occupancy of
building in which goods were located, where in-
surer issued and transferred policies with full
knowledge of that fact, it being immaterial that
insurer might have been entitled to a larger
premium under two-family occupancy.

Error from District Court, Brown County;
J. O. Woodward, Judge.

Action by J. M. Martin against the Lon-
don Assurance Corporation.   Judgment for
plaintiff, and defendant brings error.   Af-
firmed.

Thompson, Knight, Baker & Harris, of
Dallas, for plaintiff in error.

R. L. McGaugh, of Brownwood, and H. L.
Livingston, of Coleman, for defendant in
error.

BLAIR, J.   Plaintiff in error will be re-
ferred to as appellant, and defendant in er-
ror as appellee.

Appellee sued appellant upon two policies
of insurance, insuring his household goods
against loss by fire.   A policy for $2,000, dat-
ed September 10, 1924, covered appellee's
household goods then situated at 1312 Cot-
tage street, in Brownwood.   On November
1, 1924, appellee moved to a residence at
1315 Coggin avenue, in Brownwood.   A rider
or indorsement, dated November 1, 1924, at-
tached to this policy reduced the rate from
$1.01 to 95 cents, and stated:

"The property insured under this policy has
been moved to 1315 Coggin avenue, Brownwood,
Texas."

A policy for $1,000, dated December 23,
1924, covered the same property, and each
policy contained this provision:

"This entire policy, unless otherwise provided
by agreement indorsed hereon, or added hereto,
shall be void if the hazard be increased by any
means within the control or knowledge of the
insured."

Appellant's defense was that appellee
breached this provision by permitting a two-
family occupancy of the dwelling in which
the insured property was located, thereby
increasing the hazard of fire, and rendering
void the policies.

The special answers of the jury found that
the value of the insured property was $4,000;

that the loss and damages caused by the
fire was $2,562.50; and that the two-family
occupancy of the building did not increase the
hazard of fire.   Judgment for $2,562.60, with
interest, was rendered for appellee; from
which the appeal is perfected.

Appellant contends the jury's finding, that
the two-family occupancy of the dwelling
did not increase the hazard of fire, is unsup-
ported by any evidence and contrary to the
undisputed evidence that such occupancy did
increase the hazard of fire to the property
insured, and that its request for an instruct-
ed verdict should have been granted.   Wheth-
er the finding is supported by the evidence is
immaterial, since it is undisputed that the
same two-family occupancy complained of
at the time of the fire existed on the date
the policies were issued or became effective,
and of which fact appellant and its agents
who issued and transferred the policies had
full and complete knowledge.   The provision
invoked by appellant relates to subsequent
acts of the insured which might increase the
hazard of fire to the property insured, and
not to hazards known by the insurance com-
pany to exist at the time it issued or trans-
ferred the policies.   That is, conceding for
the sake of the question only that the two-
family occupancy increased the hazard as a
matter of law, appellant issued and trans-
ferred the policies with full knowledge of
that fact; and therefore the question has no
reference to any subsequent act of the in-
sured which might increase the hazard of
fire to the property insured.

The $2,000 policy was transferred in De-
cember, 1924, although the rider or indorse-
ment bears date of November 1, 1924, which
is the date the two-family occupancy of the
premises began.   The readjustment of the
rates and transfer of the policy to the Coggin
avenue location became a new contract with
the assured from the date of the actual trans-
fer.   The policy for $1,000 additional insur-
ance was issued December 23, 1924.   Shortly
before this date and in December, 1924, two
of appellant's agents went to the Coggin
avenue place to ascertain if there would be
any reduction of rate on the transfer of the
$2,000 policy, and to inspect the household
goods to ascertain if additional insurance
would be written.   Appellee pointed out to
them the property belonging to himself and
that of his cotenant, and told them of the
joint occupancy.   These facts are admitted
by the agents, except they make some imma-
terial qualifications of appellee's testimony,
one contending that he said he had two room-
ers or two boarders, and the other not re-
membering just what he did say.   After this
they transferred the $2,000 policy and issued
the additional one for $1,000.   So, at the time
the policies were issued or transferred the
premises were subject to the same two-fam-
ily occupancy that existed on the date of the

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
286 S.W.—58

fire, January 24, 1924, and the increased hazard complained of did not arise subsequent to the time the insurance became effective.

It is not alleged that appellee fraudulently represented in any manner that the residence was not subject to the two-family occupancy, and if such allegation had been made, the undisputed facts just detailed would refute it. The fact that appellant may have been entitled to a larger premium under the two-family occupancy is not material and does not render the policy void; and appellee did no act, nor did he suffer any act to be done subsequent to the date the policies became in force at the Coggin avenue location which in any manner increased the hazard of fire to the insured property.

Under the view we take of the case other assignments urged become immaterial, or they are without merit, and the judgment of the trial court is affirmed.

Affirmed.